UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-23190-CIV-SEITZ/SIMONTON

SCOTT W. HARTMAN; DAVID S.
MONTOYA; and SEAVIEW MEZZANINE
FUND ADVISORS, INC.,

    Plaintiffs,

vs.

SAEED SHAKERI; SAEED SHAKERI
2008 GAMING TRUST; and SILVER
SADDLE ACQUISITION CORPORATION,

    Defendants

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Scott W. Hartman ("Hartman"), David S. Montoya ("Montoya") and Seaview Mezzanine Fund Advisors, Inc. ("Seaview"), (collectively, "Plaintiffs") by and through their attorneys of record, and complain and allege against Defendants, Saeed Shakeri, Saeed Shakeri Gaming Trust 2008 and Silver Saddle Acquisition Corp., and each of them, by way of this Amended Complaint, as follows:

### PARTIES, JURISDICTION AND VENUE

1. Scott W. Hartman is an individual residing in the state of New York.

2. David S. Montoya is an individual residing in the state of Connecticut.

3. Seaview Mezzanine Fund Advisors, Inc. is a Delaware corporation organized under the laws of state of Delaware.

4. On information and belief, Defendant, Saeed Shakeri, was and is a resident of the state of California.

5. On information and belief, Defendant, Saeed Shakeri 2008 Gaming Trust ("Shakeri Gaming Trust"), was and is a revocable gaming trust that was formed solely for the purpose of Defendant, Saeed Shakeri ("Shakeri"), holding ownership interests in gaming enterprises in the state of Nevada. Thus, Defendant Shakeri 2008 Gaming Trust does not shield Defendant Shakeri from personal liability pursuant to the causes of action as alleged against the other. However, in the alternative, and in the event Defendant Saeed Shakeri 2008 Gaming Trust was, and is an irrevocable gaming trust, Plaintiffs herein allege that Shakeri and Shakeri Gaming Trust are jointly and severally liable under the causes of action as alleged herein.

6. On information and belief, Defendant, Silver Saddle Acquisition Corporation ("SSAC"), was and is a Nevada corporation organized under the laws of the state of Nevada.

7. At all times, each of the Defendants was the agent, servant, employee and/or joint venture of each of the other remaining Defendants, and was at all times acting within the scope and purpose of said agency, employment or joint venture, and acting with the expressed and implied knowledge, commission or consent of the remaining Defendants and each of them. The acts of each Defendant were qualified and are ratified by each other Defendant and together constitute a single course of conduct.

8. This Court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Venue is proper in this Court because this action stems from a separate action against Plaintiffs for breach of a Personal Guaranty entitled *Trafalgar Capital Specialized*

*Investment Fund v. Hartman, et al*., Case No.: 1:11-cv-2404-CMA, pending in this judicial district (hereinafter, the "Trafalgar action"). The Personal Guaranty in the Trafalgar action contains a forum selection clause providing that any litigation based on or arising out of, under, or in connection with the Guaranty be brought and maintained exclusively in the federal courts of the state of Florida.

10. Further, the indemnity agreement executed by Shakeri Gaming Trust in favor of Plaintiffs obligates Shakeri Gaming Trust to indemnify and defend Plaintiffs in any action resulting from, relating to or arising from any guaranty under or relating to the obligations of Lumax Gaming, Inc. The action brought by Trafalgar Capital Specialized Investment Fund ("Trafalgar") against Plaintiffs in this judicial district is founded upon the obligations of Lumax Gaming, Inc. Accordingly, venue is proper in this judicial district.

11. Moreover, SSAC, as the assignee of rights and obligations of Trafalgar, was well aware of the Personal Guaranty and the forum selection clause contained therein providing that any litigation based on or arising out of, under, or in connection with the Guaranty be brought and maintained exclusively in the federal courts of the state of Florida. The Trafalgar action is founded upon the obligations of Lumax Gaming, Inc. which was secured by Plaintiffs' personal guaranty. Accordingly, venue is proper in this judicial district.

## **GENERAL ALLEGATIONS**

12. On or about April 20, 2008, Plaintiffs, Hartman and Montoya, as the sole officers, directors and shareholders of Lumax Gaming, Inc. ("Lumax"), and Seaview executed a Personal Guaranty whereby they agreed to pay all amounts due under the obligations of Lumax to Trafalgar pursuant to the Senior Secured Redeemable Debenture ("Debenture") issued to Trafalgar by Lumax. This Debenture was secured with a Deed of Trust against a certain real

3

property owned by Lumax. A true and correct copy of the Personal Guaranty is attached hereto as **Exhibit "A."**

13. On or about December 7, 2009, Plaintiff, Hartman, as the sole officer, director and shareholder of Lumax, entered into a Share Purchase Agreement with Defendant, Shakeri Gaming Trust. Shakeri Gaming Trust was clearly aware of Plaintiffs, Hartman's, Montoya's and Seaview's, continuing obligations pursuant to the Personal Guaranty. Shakeri Gaming Trust therefore, expressly agreed to be responsible for any and all Lumax debts, including the Debenture issued to Trafalgar. Shakeri Gaming Trust further expressly agreed to indemnify and defend Hartman and his other party affiliates, including Montoya and Seaview, as intended beneficiaries, for their continuing obligations pursuant to the Personal Guaranty. Pursuant to the Share Purchase Agreement, Saeed Shakeri became the sole officer, director and shareholder of Lumax. A true and correct copy of the Share Purchase Agreement is attached hereto as **Exhibit "B."**

14. Thereafter, on or about November 22, 2010, Trafalgar assigned any and all rights and obligations under the Debenture to Defendant, Silver Saddle Acquisition Corp. ("SSAC"), whereby SSAC effectively became the assignee of Trafalgar and the holder of the Debenture.

15. As the assignee to Trafalgar and the holder of the Debenture, SSAC declared Lumax to be in default of its obligations under the Debenture and, therefore, commenced foreclosure proceedings against that certain real property that was secured by the Deed of Trust.

16. Thereafter, on or about April 20, 2011, Defendant, Shakeri, on behalf of Lumax, executed a Deed in Lieu of Foreclosure in favor of SSAC whereby in consideration for the same, SSAC expressly acknowledged the full satisfaction and release of Lumax from any and all obligations under the Debenture. Thus, based on this unconditional and unequivocal full

satisfaction and release of Lumax under the Debenture, the Personal Guaranty of Hartman, Montoya and Seaview of Lumax's obligations under the Debenture were extinguished and became fully satisfied and released. Plaintiffs, Hartman's, Montoya's and Seaview's unconditional and equivocal satisfaction and release under the Personal Guaranty were further confirmed by representations made by counsel for Trafalgar and SSAC before the Nevada Gaming Control Board and the Eighth Judicial District Court of Clark County, Nevada.

17. However, Trafalgar, even after having been divested of any and all rights and interests under the Debenture pursuant to its assignment to Defendant SSAC, on or about November 22, 2010, has instituted a legal action against Plaintiffs, Hartman, Montoya and Seaview alleging that the Personal Guaranty was separate and independent from Lumax's obligations under the Debenture.

18. Notwithstanding Trafalgar's lack of standing and privity to demand payment from Plaintiffs under the Personal Guaranty, Plaintiffs demanded indemnification and defense from Defendant, Shakeri Gaming Trust, pursuant to the fact that it had expressly agreed to do so under the December 7, 2009, Share Purchase Agreement. To date, Shakeri Gaming Trust has refused.

19. Plaintiffs have been required to retain the services of an attorney in order to defend them in the underlying action and to prosecute this matter. Plaintiffs are, therefore, entitled to reasonable attorney's fees and costs.

**COUNT I – FRAUDULENT INDUCEMENT**

**(Against Defendants, Saeed Shakeri and
Saeed Shakeri 2008 Gaming Trust)**

20. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff Hartman was the sole owner/shareholder of Lumax, which was the owner of a gaming establishment casino called Silver Saddle Saloon in Las Vegas, Nevada. Lumax was also the owner of the real property in which the Silver Saddle Saloon casino was situation on. Because of a grandfathered unrestricted gaming licenses that flowed with the real property, the Silver Saddle Saloon casino had the unique and intrinsic right to maintain and operate an unlimited number of gaming machines and table games even though it did not own and operate a corresponding hotel on the property.

22. Defendant, Saeed Shakeri, already owning and operating a gaming establishment in Las Vegas, Nevada, was aware of the unique and intrinsic value of the grandfathered unrestricted gaming license held by Lumax for the Silver Saddle Saloon casino and, therefore, wanted ownership of Lumax.

23. Thus, in or about the month of December of 2009, Defendant, Saeed Shakeri, *via* numerous in-person meetings which occurred at the offices of Lumax as well as at Defendant, Seed Shakeri's other gaming establishment called, "Bogeys;" numerous telephone conversations between Hartman and Saeed Shakeri; and multiple email communications with Plaintiff Hartman, represented to Plaintiff Hartman that Saeed Shakeri would relieve Plaintiff Hartman and his affiliates from any and all obligations related to Lumax in exchange for Plaintiff Hartman conveying and transferring his 100% ownership interest in Lumax to Defendant Saeed Shakeri's gaming trust for the nominal sum of $1.00. Defendant, Saeed Shakeri, further represented to Plaintiff Hartman, that in order to satisfy the Nevada Gaming Commission's requirements, that that his Gaming Trust would need to be the party that executed the Share Purchase Agreement instead of Saeed Shakeri personally.

24. Defendant, Saeed Shakeri, however, during the foregoing in-person meetings, telephone conversations and email communications and anytime thereafter, had no specific intent nor any intent to do abide by his representations, but rather, Saeed Shakeri made these material misrepresentations in order to fraudulently induce Plaintiff Hartman to convey and transfer his 100% ownership interest in Lumax to him. Defendant, Saeed Shakeri, clearly knew that he had no intent to relieve Plaintiff Hartman and his affiliates from the obligations related to Lumax, but knew said misrepresentations would induce Plaintiff Hartman into enter into the Share Purchase Agreement and therefore convey and transfer his 100% ownership interest in Lumax to him.

25. Plaintiff Hartman unequivocally and detrimentally relied upon Defendant, Saeed Shakeri's, misrepresentations and, therefore, did in fact convey and transfer his 100% ownership interest in Lumax to Shakeri's Gaming Trust, as so specifically requested by Saeed Shakeri, pursuant to the Share Purchase Agreement entered into on December 7, 2009.

26. As a direct and proximate result of Defendant, Saeed Shakeri's, fraudulent and willful misrepresentations made to induce Plaintiff Hartman to execute the Share Purchase Agreement, Plaintiff Hartman suffered injury and damages.

## COUNT II – BREACH OF CONTRACT
### (Against Defendant, Saeed Shakeri 2008 Gaming Trust)

27. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28. Pursuant to the express terms of the Share Purchase Agreement, Defendant Saeed Shakeri 2008 Gaming Trust promised to indemnify Plaintiff Hartman and his affiliates from any and all obligations, damages, claims and fees related to Lumax, including the Personal Guaranty for the Debenture that was issued to Trafalgar.

29. Trafalgar brought suit against Plaintiffs, Hartman, Montoya and Seaview Mezzanine Fund Advisors, Inc., for monetary amounts allegedly due and owing pursuant to the Personal Guaranty. As a result of said suit, which was ultimately dismissed, Plaintiffs incurred monetary damages wherein although demand was made for full indemnification pursuant to the express terms of the Share Purchase Agreement, Defendant Saeed Shakeri 2008 Gaming Trust refused to do so.

30. By its above actions, Defendant Saeed Shakeri 2008 Gaming Trust has materially breached the express terms of the Share Purchase Agreement.

## COUNT III –CONTRACTUAL INDEMNITY

**(Against Defendant, Saeed Shakeri 2008 Gaming Trust)**

31. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

32. Upon information and belief, Trafalgar, is suing Plaintiffs to recover monies which Trafalgar contends is due to it under the Personal Guaranty. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit "C."**

33. Pursuant to the Share Purchase Agreement's terms (*see* attached Exhibit "B"), Shakeri Gaming Trust specifically agreed to the following:

> (ii) The party's to this agreement hereby to indemnify, defend and hold harmless the other party's to this agreement and such other party's affiliates (an "Indemnified Party") harmless against an in respect of any and all actions, suits, proceedings, losses, damages, claims, liabilities, demands, assessments, judgments, costs and expenses, including reasonable attorneys' fees caused by, resulting from any guaranty or indemnity under or relating to the obligations of the Company (including, without limitation, the guaranty of the Company's indebtedness), and in connection with any action, suit proceeding or claim against relating to the foregoing.

34. As a result of Trafalgar's lawsuit, Plaintiffs may be found liable for damages to Trafalgar, and have had, and will continue to incur attorney's fees and costs in defending the lawsuit.

35. By reason of the Share Purchase Agreement, Shakeri Gaming Trust is liable to Plaintiffs for any damages suffered by reason of the claims asserted by Trafalgar against Plaintiffs, and for the attorney's fees, costs and expenses they incur in defending against Trafalgar's claims and prosecuting this Complaint.

36. Plaintiffs have retained the undersigned attorneys to represent them in the action, are obligated to pay said attorneys, and are entitled to recover such fees and costs from the Defendant under the Share Purchase Agreement.

## COUNT IV - BREACH OF CONTRACT

### (Against Defendant, SSAC)

37. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 36 as though fully set forth herein.

38. At the time the Deed in Lieu of Foreclosure was executed by Defendant, Shakeri, in favor of Defendant SSAC, the parties thereto were clearly aware of Plaintiffs' Personal Guaranty. Plaintiffs, therefore, were intended beneficiaries of the Deed in Lieu of Foreclosure. A true and correct copy of the Deed in Lieu of Foreclosure is attached hereto as **Exhibit "D."**

39. As such, pursuant to the express terms of the Deed in Lieu of Foreclosure, the same unconditionally and unequivocally fully satisfied and released Lumax's obligations under the Debenture as well as the obligations of Plaintiffs as personal guarantors of Lumax's obligations.

40. Defendant SSAC has been and is clearly aware of Trafalgar's demands and suit brought against Plaintiffs. However, SSAC, in material breach of the Deed in Lieu of Foreclosure, has refused to take any steps to relieve Plaintiffs, Hartman, Montoya and Seaview, from Trafalgar's claims.

41. Notwithstanding the above, in the event Plaintiffs, Hartman, Montoya and Seaview, are found liable to Trafalgar, they are entitled to full indemnification, in law and/or equity, from Defendant SSAC.

42. By its above actions, Defendant SSAC has materially breached the express terms of the Deed in Lieu of Foreclosure.

43. As a direct and proximate result of Defendant, SSAC's material breach of the Deed in Lieu of Foreclosure, Plaintiffs have been damaged in an amount to be determined according to proof at trial.

## COUNT V – INDEMNITY
### (Against Defendant SSAC)

44. Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45. Defendant, SSAC, has been and is clearly aware of Trafalgar's demands and suit brought against Plaintiffs. However, SSAC has refused to take any steps to relieve Plaintiffs, Hartman, Montoya and Seaview, from Trafalgar's claims.

46. Therefore, in the event Plaintiffs are found liable to Trafalgar, they are entitled to full indemnification, in law and/or equity, from SSAC.

**WHEREFORE**, Plaintiffs pray for judgment and equitable relief as follows:

As to Count I – Fraudulent Inducement:

1. For monetary and compensatory damages in a sum within the jurisdiction of this Court and in an amount according to proof;

2. For punitive damages; and

3. For such other and further relief as the Court determines is just and proper.

As to Count II – Breach of Contract:

1. For monetary and compensatory damages in a sum within the jurisdiction of this Court and in an amount according to proof;

2. For attorney's fees and all other costs of suit incurred, pursuant to the Share Purchase Agreement;

3. For pre-judgment interest to which Plaintiffs are legally entitled; and

4. For such other and further relief as the Court determines is just and proper.

As to Count III – Contractual Indemnity:

1. For indemnity and judgment for all damages arising from Trafalgar's claims against Plaintiffs pursuant to the Share Purchase Agreement;

2. For attorney's fees, costs and expenses incurred in defending against Trafalgar's claims;

3. For attorney's fees, costs and expenses incurred in prosecuting this Complaint;

4. For such other and further relief as the Court determines is just and proper.

As to Count IV – Breach of Contract:

1. For monetary and compensatory damages in a sum within the jurisdiction of this Court and in an amount according to proof;

2. For pre-judgment interest to which Plaintiffs are legally entitled; and

3. For such other and further relief as the Court determines is just and proper.

<u>As to Count V – Indemnity</u>:

1. For indemnity and judgment for all damages arising from Trafalgar's claims against Plaintiffs; and

2. For such other and further relief as the Court determines is just and proper.

Respectfully submitted

Dated: January 14, 2013

/s Joseph Y. Hong
Joseph Y. Hong, Nevada Bar No.: 5995
HONG & HONG
A Professional Law Corporation
10781 W. Twain Ave.
Las Vegas, Nevada, 89135
Telephone: (702) 870-1777
Facsimile: (702) 870-0500
Email: Yosuphonglaw@gmail.com
***PRO HAC VICE* COUNSEL OF RECORD**

/s Aileen R. Mazanetz
Aileen R. Mazanetz
Florida Bar No.: 0092485
BOYETTE, CUMMINS & NAILOS, PLLC
1635 East Highway 50, Suite 300
Clermont, Florida 34711
Telephone: (352) 394-2103
Facsimile: (352) 394-2105
Email: amazanetz@bcnlawfirm.com
**LOCAL COUNSEL OF RECORD**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted

Dated: January 14, 2013

/s  Joseph Y. Hong
Joseph Y. Hong, Nevada Bar No.: 5995
HONG & HONG
A Professional Law Corporation
10781 W. Twain Ave.
Las Vegas, Nevada, 89135
Telephone: (702) 870-1777
Facsimile: (702) 870-0500
Email: Yosuphonglaw@gmail.com
*PRO HAC VICE* **COUNSEL OF RECORD**

/s Aileen R. Mazanetz
Aileen R. Mazanetz
Florida Bar No.: 0092485
BOYETTE, CUMMINS & NAILOS, PLLC
1635 East Highway 50, Suite 300
Clermont, Florida 34711
Telephone: (352) 394-2103
Facsimile: (352) 394-2105
Email: amazanetz@bcnlawfirm.com
**LOCAL COUNSEL OF RECORD**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to the following CM/ECF participants on **January 14, 2013**:

*Defendants*
Saeed Shakeri and Saeed Shakeri 2008 Gaming Trust represented by:

Steven Lewis Beiley, Esq.
Aaronson Schantz P.A.
100 S.E. 2nd Street
27th Floor
Miami, Florida 33131
Telephone: 305-200-5322
Fax: 866-850-5322
Email: sbeiley@asplaw.com

I HEREBY FURTHER CERTIFY that I served the foregoing document via first class mail to the following participants on **January 14, 2013:**

*Defendant*

Silver Saddle Acquisition Corp.
c/o Robert Press
1404 Rodman St.
Hollywood, Florida  33020

/s/ Aileen R. Mazanetz

Aileen R. Mazanetz
Florida Bar No.: 0092485