UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23190-CIV-SEITZ/SIMONTON

SCOTT W. HARTMAN,
DAVID S. MONTOYA, and
SEAVIEW MEZZANINE FUND ADVISORS, INC.,

      Plaintiffs,

v.

SAEED SHAKERI,
SAEED SHAKERI 2008 GAMING TRUST, and
SILVER SADDLE
ACQUISITION CORPORATION,

      Defendants.
_____/

## ORDER DENYING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiffs' Motion for Entry of Final Default Judgment [DE-58] against Defendant Silver Saddle Acquisition Corporation ("SSAC").[1] Plaintiffs seek a default judgment on the grounds that SSAC is contractually obligated to indemnify Plaintiffs for the fees and other costs incurred in a related lawsuit filed against Plaintiffs by Trafalgar Capital Specialized Investment Fund ("Trafalgar"), a third party to this case. In the Amended Complaint [DE-24], Plaintiffs allege breach of contract (Count IV) and common law indemnity (Count V) claims solely against SSAC.[2] Upon review of the Plaintiffs' motion, the Amended Complaint, the record, and the applicable law, the Court denies the motion

---

[1] On January 3, 2013, the Clerk of Court entered a default against SSAC for failure to appear. *See* [DE-22].

[2] The claims against the remaining Defendants, Saeed Shakeri and the Saeed Shakeri 2008 Gaming Trust (the "Gaming Trust") were dismissed on June 14, 2013 for failure to state a claim and for lack of personal jurisdiction. *See* [DE-57].

because the allegations in the Amended Complaint are insufficient to state a claim for breach of contract or common law indemnification.

I. **Factual Background**[3]

Plaintiffs Hartman and Montoya were the sole officers, directors, and shareholders of Lumax Gaming, Inc. ("Lumax"). In 2008, Lumax bought a casino in Las Vegas, Nevada. *See* Order Granting Defendants' Motion to Dismiss [DE-57], at 3. Lumax entered into a Debenture with Trafalgar Capital Specialized Investment Fund ("Trafalgar") to fund the purchase. The Debenture was secured by a Deed of Trust against real property owned by Lumax. In addition, Plaintiffs executed a Personal and Corporate Guaranty covering Lumax's obligations under the Debenture (the "Guaranty").

On or about November 22, 2010, Trafalgar assigned all of its rights and obligations under the Debenture to SSAC. Thereafter, Lumax and SSAC executed a Deed in Lieu of Foreclosure whereby SSAC released Lumax from its obligations under the Debenture. The Deed in Lieu's release provision states as follows:

> The consideration for this Deed, in addition to that stated above, is the full satisfaction and release of [Lumax] from all obligations secured by the Deed of Trust and under the Note. [SSAC] joins in the execution of this Deed for the purpose of releasing, and hereby releases, [Lumax] from all liability arising under the Deed of Trust and the Note, and hereby accepts this conveyance as being full satisfaction of the Note and all obligations secured by the Deed of Trust and shall promptly record this Deed of record.

[DE-24 4] at 2.

On November 10, 2011, Trafalgar filed an action for breach of personal guaranty (the "Trafalgar Action") against Plaintiffs in the Southern District of Florida. *See Trafalgar v.*

---

[3] Unless otherwise noted, the facts set forth herein are taken from the Amended Complaint and the documents attached thereto, which are taken as true due to the default.

2

*Hartman, et al.*, Case No. 11-24084-CIV-CMA, [DE-1]. In that case, Trafalgar argued that Plaintiffs had failed to honor a portion of Lumax's financial obligations under the Guaranty. The Trafalgar Action was resolved via a confidential settlement on October 24, 2012.

In the instant lawsuit, Plaintiffs allege that they are entitled to a full indemnification from SSAC for their attorney's fees and costs in the Trafalgar Action because the Deed in Lieu released Plaintiffs from all obligations under the Loan Documents, including their obligations as personal guarantors of Lumax. Plaintiffs also allege that SSAC should have taken steps to relieve Plaintiffs from Trafalgar's claims. In addition, Plaintiffs seek to recover attorney's fees and costs incurred in defending this action.

## II. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default." Fed. R. Civ. P. 55(a). Once this has occurred, "the party [that has obtained the clerk's entry for default] must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"[A] defendant's default does not in itself warrant the court in entering default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to default, actually state a substantive cause of action." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007).

A complaint need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

### III. Discussion

#### A. Breach of Contract (Count IV)

Plaintiffs' breach of contract claim fails to state a cause of action. The allegations in the Amended Complaint make clear that SSAC's duty to indemnify arises only upon a finding of Plaintiffs' liability in the Trafalgar Action. *See, e.g.,* Compl., ¶¶ 41, 46 ("[I]n the event Plaintiffs…are found liable to Trafalgar, they are entitled to full indemnification…from Defendant SSAC."). Because Plaintiffs and Trafalgar reached a confidential settlement in the Trafalgar Action, there was no finding of liability. Therefore, taking the allegations in the Complaint as true, SSAC incurred no duty to indemnify Plaintiffs.

Furthermore, the express terms of the release provision do not give rise to a duty to indemnify. "In construing a release agreement, the court must look first to the intent of the parties as expressed in the document itself." *Gulf Group Holdings, Inc. v. Coast Asset Management Corp.*, 516 F.Supp.2d 1253, 1266 (S.D. Fla. 2007). Where that intent can be ascertained from the unambiguous language of the contract, its construction is a question of law for the court. *Id.* Here, there is nothing in the Deed in Lieu to indicate that SSAC has a duty to indemnify Plaintiffs for damages incurred as a result of the Trafalgar Action. Indeed, the Deed in Lieu contains no reference at all as to how the release provision affects third party claims. *See*

4

*id.*, 516 F. Supp. 2d at 1267 (holding that a limited release agreement did not unambiguously cover a third party claim because the release made no reference to such claims). Thus, Count IV must be dismissed for failure to state a claim.

### B.     Common Law Indemnity (Count V)

To bring a claim for common law indemnity under Florida law, Plaintiffs must prove three elements. First, the indemnitee – here, Plaintiffs - must be "vicariously, constructively, derivatively, or technically liable for the wrongful acts" of the indemnitor. *Houdaille Indus., Inc. v. Edwards,* 374 So. 2d 490, 492 (Fla. 1979). Second, the indemnitee must be wholly without fault. *Dade County Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638, 642 (Fla. 1999). Third, there must be a "special relationship" between the parties. *Id.*

Taking the allegations in the Amended Complaint as true, Plaintiffs' common law indemnity fails under the first and second elements. First, the Amended Complaint is devoid of any allegation of wrongdoing by SSAC in connection with the Trafalgar Action. There is no evidence at all in the record that SSAC had any obligations to Trafalgar arising out of the Guaranty or the other loan documents. Second, given that the Trafalgar Action reached a confidential settlement, there was no finding of liability. As such, because Plaintiffs fail to allege that SSAC is obligated to pay Plaintiffs because of some vicarious, constructive, derivative, or technical liability arising from SSAC's wrongdoing, Count V fails to state a claim for common law indemnification.

## IV. Conclusion

Taking as true the allegations in the Amended Complaint, Plaintiffs have not provided a sufficient basis for entry of a final default judgment as to Counts IV and V. Accordingly, it is

ORDERED that

(1) Plaintiff's Motion for Entry of Final Default Judgment [DE-58] is DENIED.

(2) Counts IV and V of the Amended Complaint [DE-24] are DISMISSED for failure to state a claim for which relief can be granted.

(3) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 10th day of December, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record